UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **2:25-MJ-216** |
| | ) | |
| vs. | ) | |
| | ) | |
| CAYDEN BROCK NEWBERRY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER FINDING PROBABLE CAUSE

Defendant requested a preliminary hearing at his initial appearance on the criminal complaint filed in this matter, which the Court then held on December 1, 2025. At the hearing, the Court heard testimony from Federal Bureau of Investigation Special Agent Gretchen Roberts on behalf of the United States and heard argument from counsel.

Special Agent Roberts provided testimony as to the information in the Criminal Complaint. She testified that the FBI had been contacted by law enforcement in New Jersey who had received information regarding a potential minor victim who had produced CSAM and committed self-harm at the direction of an unknown male. Upon investigation, Special Agent Roberts determined that the minor victim had been in contact with Defendant via the internet, had video-chatted with him, described his physical appearance, and then was able to positively identify a picture of him during her forensic interview. During the forensic interview, the minor victim stated that she had met the Defendant online via Roblox and that he subsequently sent her a phone via DoorDash, threatened her, had her create and send CSAM to him, and at the direction of him and other adults he included in their "chats", had her carve their names into her leg with a sharp object. Special

Agent Roberts reviewed the DoorDash account associated with the phone delivery transaction and found that all of the deliveries associated with that account, aside from the phone, were delivered to Defendant's home address. Furthermore, Special Agent Roberts noted that the IP address associated with the DoorDash account was also tied to a Snapchat account with a display name of "Cayden." Further, a NCMEC tip was received by law enforcement showing that videos of child pornography had been uploaded by the same IP address as the one reflected for Defendant's Door Dash account.

On cross-examination Special Agent Roberts testified that, while multiple electronics were seized from Defendant's house at the time of the arrest, she had not yet had the opportunity to analyze them. Furthermore, without the specific analysis, she was unable to absolutely confirm that the identified IP address could be tied to the illegal activity and CSAM allegations in the Criminal Complaint. However, on re-direct, Special Agent Roberts stated that the IP address information, taken into account with the corroborating DoorDash information and the minor victim's identification of the Defendant, gave her confidence that they had identified the correct suspect.

During argument, counsel for the Defendant asserted that the United States had not met their burden, considering there was no conclusive evidence tying the IP address to Defendant. Moreover, there was no proof of Defendant sending or receiving CSAM from the minor victim because the seized devices had not yet been analyzed.

On the other hand, the United States argued that the basis for the Criminal Complaint was the interview with the minor victim, and that the other evidence testified to by Special Agent Roberts, including the DoorDash account and the IP address, further corroborated the victim's

statements. Additionally, the United States noted that the charges in the Criminal Complaint are charges of CSAM production, not CSAM possession.

For reasons stated on the record at the hearing, the Court found that the Government met its low burden to show that probable cause exists to support the allegations made in the criminal complaint. As such, Defendant was remanded to the custody of the U.S. Marshal pending further proceedings.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge